## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KARIM TAYLOR, | : | Civil No. 13-0419 (JAP) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| TOWNSHIP OF NEPTUNE, et al., | : | |
| Defendants. | : | |

**PISANO, District Judge:**

1. Plaintiff, Karim Taylor, a prisoner incarcerated at Southern State Correctional Facility, seeks to file a Complaint without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on his affidavit of poverty, prison account statement, and the apparent absence of three dismissals within 28 U.S.C. § 1915(g), the Court finds that Plaintiff qualifies for prisoner in forma pauperis status pursuant to 28 U.S.C. § 1915.

2. Federal law requires this Court to screen the Complaint for sua sponte dismissal prior to service and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or dismiss any defendant who is immune from suit. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

3. This Court has screened the Complaint in this action for dismissal and has determined that the Complaint states a Fourth Amendment claim under 42 U.S.C. § 1983 for use of excessive force on July 4, 2011, against Christopher Niskoch, Thomas Blewitt, Christine Savage, and the Township of Neptune. Accordingly, dismissal pursuant to Fed. R. Civ. P. 12(b)(6) of the Fourth Amendment excessive force claims against these defendants is not warranted.

4.  Plaintiff attempts to assert a denial of medical care claim under the Due Process Clause and 42 U.S.C. § 1983.  He asserts in this regard:  "When I requested medical treatment due to bleeding from my head, mouth and in extreme pain throughout my body and face I was denied to be taken to a hospital by all of these officers.  The Township of Neptune, nor the Neptune Township Police Department would allow this plaintiff to be rendered any medical treatment at all."  (Dkt. 1 at 2.) However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, at 678 (2009) (citations and internal quotation marks omitted).  "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Id. at 676.  While the "Due Process Clause . . . does require the responsible government or governmental agency to provide medical care to persons . . . who have been injured while being apprehended by the police," City of Revere v. Massachusetts General Hosp., 463 U.S. 239, 244 (1983), the above quoted allegations do not set forth sufficient facts to show that each named defendant is liable under the Iqbal pleading standard for denial of needed medical care to Plaintiff.  Plaintiff must allege more facts than simply asserting that he "was denied to be taken to a hospital by all of these officers."  (Dkt. 1 at 2.)  Accordingly, the claim under 42 U.S.C. § 1983 for denial of medical care will be dismissed without prejudice for failure to state a claim.

5.  In addition, Ellison J. Hunt, Philipp Seidle, and Matthew Web will be dismissed without prejudice as defendants because the Complaint does not allege sufficient facts under the Iqbal

pleading standard to show that these defendants were personally involved in any allegedly unconstitutional misconduct.  See Iqbal, 556 U.S. at 676; Robertson v. Sichel, 127 U.S. 507, 515-16 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs").

6.  Neptune Township Police Department will also be dismissed with prejudice as defendant because a police department is not a "person" subject to suit for constitutional violations under 42 U.S.C. § 1983.  See Petaway v. City of New Haven Police Dept., 541 F. Supp. 2d 504, 510 (D. Conn. 2008); PBA Local No. 38 v. Woodbridge Police Dept., 832 F. Supp. 808, 825-26 (D.N.J. 1993); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-894 (E.D. Va. 1992).

7.  An appropriate Order accompanies this Memorandum Opinion.


/s/ Joel A. Pisano
**JOEL A. PISANO, U.S.D.J.**

Dated: January 23, 2013

3