**NOT FOR PUBLICATION**                                              **CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KARIM TAYLOR, | : | |
| | : | Civil Action No. 13-0419 (JAP) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| TOWNSHIP OF NEPTUNE, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Karim Taylor
Plaintiff *pro se*
383965C/748004
SSCF
4295 Route 47
Delmont, NJ 08314

Deborah Beth Rosenthal
Richard P. Cushing
Attorneys for Defendants
Gebhardt & Kiefer, PC
1318 Route 31
PO Box 4001
Clinton, NJ 08809-4001

**PISANO**, District Judge

This matter comes before the Court upon a motion for summary judgment [ECF No. 14] filed by Defendants Township of Neptune, Officer Christopher Niskoch, Officer Thomas Blewitt, and Officer Christine Savage.  Plaintiff has not responded to the motion.  The Court decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.  For the

reasons set forth below, the Court concludes that the motion for summary judgment shall be granted.

## I. BACKGROUND

In his complaint [ECF No. 1], Plaintiff asserts a cause of action for excessive force, failure to provide medical attention, and failure to train against numerous defendants. This Court entered an Opinion and Order [ECF No. 2 & 3] to dismiss the claims related to medical care, dismissing claims as to certain defendants and allowing only excessive force claims against Defendants Niskoch, Blewitt, Savage, and a claim for failure to train against the Township of Neptune to remain.

All claims stem from events which occurred on July 4, 2011. *See* ECF No. 1, page 2 of 4. Plaintiff alleges that Officers Niskoch, Blewitt, and Savage assaulted Plaintiff in the living room of 270 Fisher Avenue, where he was "thrown through a dry wall by Officer Thomas Blewitt." *See id*. He further alleges that Officer Blewitt punched Plaintiff in the face and body, and placed him in choke hold. *Id.* Plaintiff states that Officers Savage and Niskoch "helped engage in this assault punching this plaintiff about the face and body [and then] proceeded to [hold Plaintiff's] legs while beating plaintiff with a baton." *Id.*

Furthermore, Plaintiff alleges that the Township of Neptune failed to train, supervise, or discipline its police officers, creating an atmosphere of acceptance of constitutional deprivations. *Id*. Plaintiff does not allege any specifics facts against this defendant.

In their motion for summary judgment, Defendants Niskoch, Blewitt, and Savage contend that their actions were objectively reasonable based upon the circumstances. *See* Brief in Support of Defendants' Motion for Summary Judgment Statement ("Defendants' Brief"), ECF No. 14-1, pages 16-20 of 36. On the date alleged by Plaintiff, Officers Niskoch, Blewitt, and Savage

responded to a call stating concern that an individual named "Karim Taylor" was in possession of a gun and was threatening to shoot someone at 270 Fisher Avenue.  Defendants' Brief, ECF No. 14-1, Rule 56.1 Statement of Undisputed Material Facts, ¶ 7-8.  The individual making the call to police dispatch advised that he was concerned for the welfare of Taylor, the female homeowner, and children at the residence.  *Id.*, ¶ 8.  The caller additionally informed dispatch that Taylor had a history of handgun possession, including a self-inflicted shooting the previous week.  *Id.*

Upon approaching the premises, the officers identified themselves to individuals standing outside and inquired as to which individual was Karim Taylor.  *Id.*, ¶ 10.  No one responded, but two individuals "began looking nervously" at the individual who would come to be known as Taylor.  *Id.*, ¶ 11.  The individuals outside the premises were ordered to the ground at gunpoint.  *Id.*  The individual later identified as Taylor attempted to turn away and put his hand down his pants.  *Id.*  When Officer Blewitt reached for Taylor, ordering him to show his hands, Taylor pushed away from Blewitt and ran up the stairs to enter the house.  *Id.*, ¶ 12.  All officers pursued him inside and he was ordered to stop because he was under arrest for obstruction.  *Id.*  Officer Blewitt was able to grab him, but Taylor continued to resist arrest.  *Id.*, ¶ 13.  During the struggle with Officer Blewitt, both men crashed into the living room wall, breaking the drywall.  *Id.*

After breaking free, Taylor ran toward the kitchen.  *Id.*  Officer Niskoch was unsuccessful in his attempt to stop Taylor using his baton.  *Id.*, ¶ 14.  Officer Blewitt struggled with Taylor on the ground in the area between the living room and kitchen.  *Id.*  Officer Niskoch secured additional individuals in the kitchen at gun point while Officer Savage assisted Officer Blewitt in his attempts to restrain Taylor.  *Id.*  Taylor buckled to the ground after Officer Savage jumped onto Taylor's legs and also onto Officer Blewitt.  *Id.*, ¶ 15.  Officer Blewitt handcuffed Taylor's right hand, and as both officers attempted to grab his left hand, Officer Blewitt yelled,

"Gun." *Id.*, ¶ 15. Officer Savage then observed the butt of a gun under a refrigerator, five to seven inches away from the location of Taylor as the officers continued in their attempt to subdue him. *Id.*, ¶ 15. Officer Savage then dove over Officer Blewitt to reach for the gun. *Id.*, ¶ 16. Taylor also reached for the gun and struggled with Officer Savage for possession of the weapon. *Id.* Officer Savage secured the weapon and Taylor was handcuffed by Blewitt. *Id.*

Taylor sustained injuries to his mouth, forearms, elbows, and right index finger as a result of the struggle with Officer Blewitt. *Id.*, ¶ 18. Officers at the scene recovered a .357 Highway Patrol Smith & Wesson revolver from underneath the refrigerator. *Id.*, ¶ 19. Additionally, Taylor was found to be in possession of two glassine bags of Heroin. *Id.*

When Taylor was interviewed at police headquarters, he admitted that he fled from Officer Blewitt in an attempt to hide the gun, which was hidden in his pants, under the refrigerator so that it would not be discovered by the officers. *Id.*, ¶ 21. Taylor admitted to ownership of the weapon, stating that he found it on the ground in Asbury Park, New Jersey. *Id.*

Taylor was charged with Unlawful Possession of a Weapon; Possession of a Weapon for an Unlawful Purpose; Certain Persons not to Possess Firearms; Aggravated Assault on an Officer; Resisting Arrest; Obstructing the Administration of Law; and Possession of CDS Heroin. *Id.*, ¶ 22. Taylor pled guilty to Unlawful Possession of a Handgun and Possession of a Handgun by Certain Persons not to Possess Firearms on February 7, 2012 and the remaining charges were dismissed in accordance with the guilty plea. *Id.*, ¶ 23. At his plea, Taylor admitted to possession of a handgun on the date of the incident. *Id.*, ¶ 24. Additionally, Taylor admitted that due to a prior conviction, he was not allowed to be in possession of a handgun, but, despite that fact, he was in possession of a handgun on that date. *Id.*, ¶ 25. Plaintiff received an aggregate five year sentence with five years of parole ineligibility. *Id.*, ¶ 26.

Defendant Township of Neptune argues that claims against this defendant must be dismissed because Plaintiff has not shown that this alleged injuries were caused by Township policy or procedure or that the Township failed to train, supervise, or discipline its employees. *See* Defendants' Brief, ECF No. 14-1, pages 27-30 of 36.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and … the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if the evidence is such that a reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The non-moving party must at least present probative evidence from which the jury might return a verdict in its favor. *Id.* at 257. The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

### B. Analysis

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation

5

>of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

To recover under § 1983, a plaintiff "must establish that the defendant acted under color of state law to deprive [him] of a right secured by the Constitution." *Malleus*, 641 F.3d at 563 (citations omitted). Here, it is not in dispute whether the Officer Defendants acted under color of state law as officers of the Township of Neptune Police Department. At issue is whether there are genuine disputes of material fact concerning the Officer Defendants' purported violation of Plaintiff's Fourth Amendment right to be free from unreasonable seizure and the Township of Neptune's role in the alleged violation.

*1.    Plaintiff's Claims Against Township Defendant*

Although the Township of Neptune is named as a Defendant in the complaint, Plaintiff has made only generalized allegations and has not articulated specific facts as to that Defendant. Given that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory," *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), Plaintiff's claims against the Township of Neptune, founded on a *respondeat superior* theory, must be dismissed.

*2.    Plaintiff's Claims Against Officer Defendants*

The Supreme Court has long recognized that an officer's right to make an arrest necessarily carries with it the right to use some degree of force. *Graham v. Connor,* 490 U.S. 386, 396, 109

S.Ct. 1865, 104 L.Ed.2d 443 (1989) (citing *Terry v. Ohio,* 392 U.S. 1, 22-27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). However, an officer's use of force to effect an arrest is actionable under § 1983 when it is so excessive that it violates the arrestee's Fourth Amendment right to be free from unreasonable seizure. *Groman v. Twp. of Manalapan,* 47 F.3d 628, 633-34 (3d Cir.1995) (citing *Brown v. Borough of Chambersburg,* 903 F.2d 274, 277 (3d Cir.1990)). Here, Plaintiff asserts in his complaint that the Defendant Officers' actions while arresting him violated his constitutional rights to be free from unreasonable seizure. Conversely, the Defendant Officers maintain that this Court should grant summary judgment in their favor because their actions were objectively reasonable.

Plaintiff alleges that the Officer Defendants subjected Plaintiff to excessive force during the course of the events of July 4, 2011. To determine whether an officer's use of force against an arrestee is excessive, and thereby, violates the arrestee's constitutional rights turns on "whether the officer's actions are 'objectively reasonable' in the light of the facts and circumstances" known to the officer. *Graham,* 490 U.S. at 397 (citations omitted); *see also Maryland v. Garrison,* 480 U.S. 79, 85, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987) ("[W]e must judge the constitutionality of [the officers'] conduct in light of the information available to them at the time they acted.").

To determine the reasonableness of the officers' actions, courts consider factors including "the severity of the crime at issue, whether the subject poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Kopec v. Tate*, 361 F.3d 772, 776-77 (3d Cir. 2004) (citing *Graham*, 490 U.S. at 396). A court may also consider the possibility that the suspect is violent or dangerous, the duration of the entire altercation, whether the use of force takes place during the course of arrest, the possibility that the suspect may be armed, as well as the number of persons that the officers must contend with

at one time.  *Kopec*, 361 F.3d at 777 (citing *Sharrar v. Felsin*, 128 F.3d 810, 822 (3d Cir. 1997).

Though the reasonableness determination is often left to a jury, defendants may be entitled to summary judgment "if the district court concludes, after resolving all factual disputes in favor of the plaintiff, that the officer's use of force was objectively reasonable under the circumstances." *Kopec*, 361 F.3d at 377 (quoting *Abraham v. Raso*, 183 F.3d 279, 289 (3d Cir. 1999).

The Court considers the severity of the crime at issue and whether Plaintiff attempted to evade arrest by flight.  There is no dispute of the facts as presented by Defendants.[1]  The officers were made aware of Plaintiff's past history of handgun possession, including the fact that he had recently shot himself.  Additionally, officers were told that Plaintiff had threatened to shoot someone at the premises.  Defendants were aware that Plaintiff may be armed and in fact saw the gun during the course of the struggle as Plaintiff attempted to dispose of it underneath the refrigerator.  Throughout the course of the contact between the Officer Defendants and Plaintiff, Plaintiff actively attempted to flee and evade arrest.  Plaintiff does not allege compliance with the officers in their attempt to arrest him.  Notably, Plaintiff later admitted that he attempted to flee from the officers in order to dispose of the gun, and hence evaded arrest.

The Court concludes that the force used upon Plaintiff was reasonable under the circumstances since Defendants were actively aware of the danger that Plaintiff posed to residents of the premises, including the likelihood that Plaintiff was in possession of a weapon.  Plaintiff was actively resisting arrest and attempting to flee.  Even after he was made aware that he was under arrest, Plaintiff continued to resist arrest and struggle with Defendants as he attempted to dispose of his gun.

---

[1] Since Plaintiff has failed to file a responsive statement of material facts, the Court may treat Defendants' Statements of Material Facts as admitted.  *See Ulrich v. U.S. Secretary of Veterans Affairs*, 457 F.App'x 132, 137 (3d Cir. 2012); Fed.R.Civ.P 56(e).

In view of the facts as presented, the Court concludes that the officer defendants acted reasonably during the course of arresting Taylor. Thus, Officers Niskoch, Blewitt, and Savage are entitled to summary judgment on Taylor's excessive force claims.

## III. CONCLUSION

Although Plaintiff has had ample time to respond to Defendants' motion and demonstrate that Defendants are not entitled to Summary Judgment, he has chosen not to oppose Defendants' motion. Consequently, this Court finds that dismissal of this action is warranted.

Therefore, for the reasons set forth above, the motion for summary judgment [ECF No. 14] filed by Defendants Township of Neptune, Officer Christopher Niskoch, Officer Thomas Blewitt, and Officer Christine Savage is granted. An appropriate order accompanies this opinion.


Date:  April 1, 2014                                    /s/ Joel A. Pisano
                                                        JOEL A. PISANO
                                                        United States District Judge